[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13564

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL J. DACORTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00605-WFJ-CPT-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Michael J. DaCorta appeals his convictions for conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. § 1349, knowingly engaging in an illegal monetary transaction, in violation of 18 U.S.C. § 1957, and willfully making a false and fraudulent statement on an income tax return, in violation of 26 U.S.C. § 7206(1).

DaCorta argues that the district court erred by concluding that he was not in custody when law enforcement interrogated him for more than two hours without giving him *Miranda* warnings.[1] He also argues that the district court erred by overruling his objection to the government's non-pattern jury instruction. DaCorta further argues that the district court erred by refusing to give his requested jury instructions. Finally, DaCorta argues that the district court erred by denying his motions for a mistrial and curative instruction.

I.

We review a district court's denial of a motion to suppress evidence under a mixed standard, reviewing the court's fact-finding for clear error and the application of the law to those facts de novo. *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006). The

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

court's factual findings are construed in the light most favorable to the prevailing party. *Id.* "Whether a person was in custody and entitled to *Miranda* warnings is a mixed question of law and fact," and we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. McDowell*, 250 F.3d 1354, 1361 (11th Cir. 2001).

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that the government may not use statements "stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. at 444.

A defendant is "in custody" for *Miranda* purposes when "under the totality of the circumstances, a reasonable man in his position would feel a restraint on his freedom of movement . . . to such extent that he would not feel free to leave." *McDowell*, 250 F.3d at 1362 (quotation marks and citation omitted and alterations adopted). "The test is objective: the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant." *Id.* A person is "in custody" for *Miranda* purposes only when there is a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *United States v. Street*, 472 F.3d 1298, 1310 (11th Cir. 2006) (quotation marks and citation omitted).

Here, the district court did not err by denying DaCorta's suppression motion because it properly found that he was not in custody at the time that he made his challenged statements. Under

the totality of the circumstances, a reasonable person in DaCorta's position would not have felt sufficient restraint such that he was not free to leave.  *McDowell*, 250 F.3d at 1362.

Although law enforcement instructed DaCorta to stand outside while they conducted an initial protective sweep of his home, DaCorta and his family were not handcuffed, physically restrained, subjected to harsh language, advised that they were under arrest, or told that they could not leave their house during this time.  He voluntarily followed the agents back into the house for an interview.  Although the agents never explicitly told DaCorta that the was free to leave, DaCorta agreed to the interview after an agent told him that he was not under arrest, that he was not obligated to answer any questions, and that he could end the interview at any time.  *See United States v. Brown*, 441 F.3d 1330, 1347–48 (11th Cir. 2006).  Thus, there was no "restraint on freedom of movement of the degree associated with a formal arrest," and DaCorta was not "in custody" for *Miranda* purposes.  *Street*, 472 F.3d at 1310.

## II.

We review the legal correctness of a jury instruction de novo, but we defer to the district court on questions of phrasing absent an abuse of discretion.  *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000).  We review alleged errors in a jury instruction "to determine whether the court's charge, considered as a whole, sufficiently instruct[ed] the jury so that the jurors under[stood] the issues involved and [were] not misled."  *United States v. Shores*, 966 F.2d 1383, 1386 (11th Cir. 1992) (quotation marks and

citation omitted). "The district court has broad discretion in formulating a jury charge as long as the charge as a whole is a correct statement of the law." *United States v. Schlei*, 122 F.3d 944, 969 (11th Cir. 1997) (quotation marks and citation omitted).

"[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may be properly framed in the disjunctive." *United States v. Gutierrez*, 745 F.3d 463, 473 (11th Cir. 2014) (quotation marks and citation omitted).

Here, the district court did not err by including the government's use of the disjunctive in the final jury instructions. It correctly advised the jury that, although the superseding indictment charged DaCorta with conspiracy to commit wire fraud and mail fraud, it need only find him guilty of one of the means to sustain a conviction for conspiracy. See *Gutierrez*, 745 F.3d at 473. The jury's obligation to find that DaCorta was guilty of all the offense elements remained unchanged. Because the government's jury instruction was a correct statement of law, and did not mislead the jury, the district court correctly overruled DaCorta's objection. *Schlei*, 122 F.3d at 969; *Shores*, 966 F.2d at 1386. Accordingly, we affirm as to this issue.

### III.

"[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without

supporting arguments and authority." *United States v. Esformes*, 60 F.4th 621, 635 (11th Cir. 2023).

Here, DaCorta's claim that the district court erred by refusing to give his requested jury instructions is raised in a perfunctory manner. *Esformes*, 60 F.4th at 635. His argument is composed almost entirely of trial transcript excerpts and excerpts from his proposed jury instructions. *See id.* DaCorta's lone citation to authority only informs this Court of the standard of review. Finally, rather than setting forth developed arguments, DaCorta supports his claim with only a single conclusory sentence, which states that his requested instructions "accurately stated the law, provided helpful and relevant guidance to the jury, and clarified the application of the court's instructions to the particular factual matters that arose during trial." Accordingly, DaCorta has abandoned his argument.

## IV.

*Esformes*'s abandonment standard governs this issue as well. Here, DaCorta's claim that the district court erred by denying his motions for a mistrial and curative instruction is, again, raised in a perfunctory manner. *Id.* Again, his argument is comprised almost entirely of trial transcript excerpts. His lone citation to authority—again—gives us only the standard of review. Finally, his only supporting argument is—again—a single conclusory sentence, which states that the district court abused its discretion by denying his request for a curative instruction, after a government witness made a comment to the jury that was "gratuitous" and "inflammatory." Accordingly, DaCorta has abandoned his argument.

22-13564                Opinion of the Court                7

**AFFIRMED.**